____ FILED ____ ENTERED
____ LODGED ____ RECEIVED

JUL 14 2011    DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT WASHINGTON

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| VALERIE ANN FOX,<br>Plaintiff<br><br>vs.<br><br>SNOHOMISH COUNTY SUPERIOR COURT and<br>JOHN EDWARD PENNINGTON, JR.<br>Defendant. | No: **CV11 1166**<br><br>**COMPLAINT** |

**Parties to this Complaint:**

Plaintiff's Name, Address and Phone Number

Valerie Ann Fox
308 N.E. 103rd Street
Vancouver, WA 98685
(360) 635-2789

11-CV-01166-CMP

**COMPLAINT**

Page 1 of 11

Valerie Fox, Pro Se
308 NE 103rd Street
Vancouver, WA 98685
(360) 635-2789

Defendant's Name, Address and Phone Number

SNOHOMISH COUNTY SUPERIOR COURT
3000 ROCKEFELLER, M/S 502
EVERETT, WA 98201
(425) 388-3421

Defendant's Name, Address and Phone Number

JOHN EDWARD PENNINGTON, JR.
28120 N.E. 147TH Place
Duvall, WA 98019
(360) 430-6339

**COMPLAINT**

Page 2 of 11

Valerie Fox, Pro Se
308 NE 103rd Street
Vancouver, WA 98685
(360) 635-2789

## TABLE OF CONTENTS

Table of Authorities..................................................................4

Jurisdiction............................................................................5

Preliminary Statement..............................................................5

Statement of Facts...............................................................6-8

Complaint.........................................................................8-10

1. THE PLAINTIFF WILL SUFFER IRREPARABLE HARM IN THE ABSENCE OF PRELIMINARY INJUNCTIVE RELIEF.

2. AN AWARD FOR MONEY DAMAGES AFTER THE HARM HAS OCCURRED WILL NOT RESTORE THE PLAINTIFF'S THREATENED LOSS.

3. THE THREATENED HARM TO THE PLAINTIFF OUTWEIGHS ANY SUBSTANTIAL HARM TO THE DEFENDANTS.

4. GRANTING THIS INJUNCTION WILL NOT CONTRAVENE A SUBSTANTIAL PUBLIC INTEREST.

5. THE PETITIONER HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS BASED ON THE ALLEGATIONS.

REQUEST FOR RELIEF...........................................................10-11

**COMPLAINT**

Page 3 of 11

**Valerie Fox, Pro Se**
308 NE 103rd Street
Vancouver, WA 98685
(360) 635-2789

# TABLE OF AUTHORITIES

**Constitutional Provisions**

18 USC 1542 False Statement in Application and Use of Passport......................6

18 USC 1546 Fraud and Misuse of Visas, Permits, and Other Documents............6

Title 28, Part IV, Chapter 85, § 1331......................................................5

Title 22, Chapter 4, § 211a..................................................................8


**Public Law**

Public Law 106-113, Section 236..........................................................5


**Other Authorities**

Parenting Plan in the Superior Court of Washington, County of Snohomish, cause #05-3-00244-3, dated September 8, 2008........................................5

Website for U.S. Department of State
(http://www.state.gov/m/ds/investigat/c10714.htm)......................................6

**COMPLAINT**

Page 4 of 11

**Valerie Fox, Pro Se**
308 NE 103rd Street
Vancouver, WA 98685
(360) 635-2789

## JURISDICITON

The petitioner resides in the court's jurisdiction. The respondent, Snohomish County Superior Court, is subject to this court's jurisdiction. The respondent, John Edward Pennington, Jr., resides in the court's jurisdiction. The petition seeks the equitable remedy of a temporary injunction. The court has jurisdiction over this matter, see Title 28, Part IV, Chapter 85, § 1331.

## PRELIMINARY STATEMENT

The Snohomish County Superior Court orders dated June 23, 2011 and July 12, 2011 in the Marriage of Valerie Ann Fox, fka Valerie Ann Pennington and John Edward Pennington, Jr., grant the father sole authority to apply for a passport for the parties' child, G.A.P., and provides a sanction against the mother, which bars her access to the courts. The Snohomish County Superior Court has exceeded its legal authority by granting this right to the father and violated the parental rights of the petitioner. Further, the defendant, John Edward Pennington, Jr. has committed passport fraud and is a potential flight risk. Relief is warranted.

**COMPLAINT**

Page 5 of 11

Valerie Fox, Pro Se
308 NE 103rd Street
Vancouver, WA 98685
(360) 635-2789

## STATEMENT OF FACTS

The plaintiff, Valerie Ann Fox, and the defendant, John Edward Pennington, Jr. share custody of their child, G.A.P., age 8. They have joint decision making authority, with the father having primary residential custody. Section 3.12, Designation of Custodian, of their parenting plan dated September 8, 2008, states, *"The child named in this parenting plan is scheduled to reside the majority of the time with the father. This parent is designated the custodian of the child solely for purposes of all other state and federal statutes which require a designation or determination of custody. This designation shall not affect either parent's rights and responsibilities under this parenting plan."*

The issuance of a passport for a minor under the age of 14 requires both parents to apply in person and sign authorization for said issuance. Absent the availability of one parent in person, the applying parent must provide notarized consent for issuance of the passport. A parent cannot apply solely for a passport absent sole custody of the parties' child, **Public Law 106-113, Section 236:**


SEC. 236. ISSUANCE OF PASSPORTS FOR CHILDREN UNDER AGE 14.

(a) In General.--
    (1) Regulations.--Not later than 1 year after the date of
the enactment of this Act, the Secretary of State shall issue
regulations providing that before a child under the age of 14

**COMPLAINT**

Page 6 of 11

Valerie Fox, Pro Se
308 NE 103rd Street
Vancouver, WA 98685
(360) 635-2789

years is issued a passport the requirements under paragraph (2) shall apply under penalty of perjury.
    (2) Requirements.--
        (A) Both parents, or the child's legal guardian, must execute the application and provide documentary evidence demonstrating that they are the parents or guardian; or
        (B) the person executing the application must provide documentary evidence that such person--
            (i) has sole custody of the child;
            (ii) has the consent of the other parent to the issuance of the passport; or
            (iii) is in loco parentis and has the consent of both parents, of a parent with sole custody over the child, or of the child's legal guardian, to the issuance of the passport.

(b) Exceptions.--The regulations required by subsection (a) may provide for exceptions in exigent circumstances, such as those involving the health or welfare of the child, or when the Secretary determines that issuance of a passport is warranted by special family circumstances.

In March 2011, the plaintiff was contacted by the *Children's Passport Issuance Alert Program*, which the plaintiff had entered the parties' child into to prevent the unlawful issuance of a passport. The defendant, John Edward Pennington, Jr. had made an application for their child solely on March 4, 2011, without the plaintiff's knowledge or consent. The defendant also signed for the plaintiff on the passport application. The plaintiff used her parental authority to decline the passport. The plaintiff also filed a criminal complaint against the defendant for passport fraud.

Circumventing the two-parent signature requirement at application is considered passport fraud and is a felony with a ten year prison sentence, 18 USC 1542 False Statement in Application and Use of Passport, 18 USC 1546 Fraud and Misuse of Visas, Permits, and Other Documents (http://www.state.gov/m/ds/investigat/c10714.htm).

**COMPLAINT**

Valerie Fox, Pro Se
308 NE 103rd Street
Vancouver, WA 98685
(360) 635-2789

The plaintiff sought relief in the form of a contempt motion against the defendant in the Snohomish County Superior Court on June 23, 20011 and sought revision of that order on July 12, 2011. This relief was denied.

## COMPLAINT

1. The Plaintiff will suffer irreparable harm in the absence of preliminary injunctive relief. The Snohomish County Superior Court issued an order on June 23, 2011 granting John Edward Pennington, Jr. the authority to solely apply for a passport for the petitioner's child with knowledge that both parents' are legally required to provide authorization for issuance of a passport. The court ordered the petitioner to sign for a passport for the parties' child within 30 days of the order. The court also ordered a $1,500.00 sanction against the petitioner in favor of the respondent, providing that petitioner cannot file any further modifications without first paying said fine. The language of **Public Law 106-113, Section 236** does not grant the court the authority to override federal requirements in the passport application process. Said authority to grant, issue and verify passports lies with the Secretary of State and the Department of State, see Title 22, Chapter 4, § 211a. Additionally, criminal complaints filed against the defendant, John Edward Pennington, Jr. potentially make him a flight risk.

**COMPLAINT**

Page 8 of 11

Valerie Fox, Pro Se
308 NE 103rd Street
Vancouver, WA 98685
(360) 635-2789

2. An award for money damages after the harm has occurred will not restore the plaintiff's threatened loss.

3. The threatened harm to the plaintiff outweighs any substantial harm to the defendants. The court order both violates and removes the right of the petitioner to object to issuance of a passport for the parties' child. This order will take effect on or before July 22, 2011.

The sanction against the petitioner causes a significant financial burden and prevents her access to the court.

Federal issuance of a passport without consent of one of the parents can only occur if one parent has sole custody. The parties' have joint custody of their child. The court made this order with full knowledge of the petitioner's rights. Judge Joseph Wilson verbally affirmed that he was taking away the petitioner's federal right.

The court made this order, after the petitioner provided evidence to the court that the defendant, John Edward Pennington, Jr. had violated federal law by applying for a passport for the parties' child without the petitioner's knowledge or consent. Circumventing the two-parent signature requirement is a federal crime. The petitioner had declined the issuance of the passport for the parties' child.

COMPLAINT

Page 9 of 11

Valerie Fox, Pro Se
308 NE 103rd Street
Vancouver, WA 98685
(360) 635-2789

This court made this order with full knowledge that the petitioner had reported the illegal conduct of the respondent, John Edward Pennington, Jr.

4. Granting this injunction will not contravene a substantial public interest.

5. The petitioner has a substantial likelihood of success based on the allegations. The facts alleged are likely to be proven and are not merely speculative.

## REQUEST FOR RELIEF

I am requesting an issuance of a temporary injunction against the respondent, John Edward Pennington, Jr., preventing him from applying for a passport for the parties' child, G.A.P., and from leaving the country with the parties' child.

I am also requesting an issuance of a temporary injunction against the respondent, Snohomish County Superior Court that will place a stay on the orders dated July 12, 2011 and June 23, 2011 in cause number 05-3-00244-3.

I am requesting a reversal of the orders dated June 23, 2011 and July 12, 2011, overturning the respondent's authority to solely apply for a passport for the parties' child,

**COMPLAINT**

Page 10 of 11

Valerie Fox, Pro Se
308 NE 103rd Street
Vancouver, WA 98685
(360) 635-2789

overturning the order requiring petitioner to sign for a passport for the parties' child, and overturning the $1,500.00 sanction against the petitioner.

I request recovery of fees and costs associated with this matter.

Dated: July 13, 2011

Respectfully submitted,

Valerie Ann Fox
308 NE 103RD Street
Vancouver, WA 98685
(360) 635-2789

By: _____
Valerie Ann Fox, Pro Se
Plaintiff

COMPLAINT

Page 11 of 11

Valerie Fox, Pro Se
308 NE 103rd Street
Vancouver, WA 98685
(360) 635-2789

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

VALERIE ANN PENNINGTON )
)
PLAINTIFF / PETITIONER )
)
and )  NO. 05-3-00244-3
JOHN EDWARD PENNINGTON, JR )
DEFENDANT / RESPONDENT )  ORDER
)
)

IT IS HEREBY ORDERED: THAT COMMISSIONER LUDWIK MADE NO CLEAR ERROR OF LAW THE COURT DENIES THE MOTION FOR REVISION.

DONE IN OPEN COURT this date: 7/12/11

Presented By:

*[signature]*

Copy Received:-

x *[signature]*

*[signature]*
JUDGE / COURT COMMISSIONER

6/01 page 1 of 2                                                                 1084-4

FILED
JUN 23 2011
SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

Valerie Fox
fka Rennington
**PLAINTIFF/PETITIONER**

and

John Rennington
**DEFENDANT/RESPONDENT**

NO. 05-3-00244-3

ORDER

IT IS HEREBY ORDERED: Court does not find substantial change in circumstances to modify the Parenting Plan of 9/8/08. The Petition is dismissed. Given this dismissal, as well as the Final Parenting Plan of 9/8/08 and the order of Judge Kurtz of 9/7/10 regarding limiting factors regarding mother, the motion to remove limitations is denied.

DONE IN OPEN COURT this date: 6/23/11

Presented By: _____

_____
**JUDGE/COURT COMMISSIONER**

Copy Received: _____

6/01 page 1 of 2                                      1064-4

FILED
JUN 23 2011
SONYA KRASKI
COUNTY CLERK
SNOHOMISH CO. WASH.

Page # 2

Case Name: Fox v. Renn    Case No. 05-3-00244-3

THE RESTRAINING ORDER ENTERED ON JUNE 3, 2011 IS DISMISSED.

THE MOTION FOR CONTEMPT IS DENIED. THERE IS NO PROVISION IN THE PARENTING PLAN THAT REQUIRES JOINT DECISION MAKING RE: PASSPORTS.

THE COURT GRANTS RESPONDENT'S MOTION TO RENEW PASSPORT FOR GRACE ANNE PENNINGTON — SEPARATE ORDER ENTERED THIS DATE.

Respondent is awarded
$1,500. The atty fees
shall be paid
prior to any
further petitions to modify.

DONE IN OPEN COURT this date: 6/23/11

Presented By:

_____ #17897
Attorney for Respondent

_____
JUDGE / COURT COMMISSIONER

Copy Received:

_____

SUPERIOR COURT OF WASHINGTON FOR SNOHOMISH COUNTY

In re the Marriage of: )
)
VALERIE ANN PENNINGTON, ) No. 05-3-00244-3
)
Petitioner, ) ORDER RE: PASSPORT
) RENEWAL FOR GRACE
and ) ANNE PENNINGTON AND
) PASSPORT CARD FOR
JOHN EDWARD PENNINGTON, JR., ) GRACE ANNE PENNINGTON
)
Respondent. ) **CLERK'S ACTION REQUIRED**
_____)

## JUDGMENT SUMMARY

A. Judgment creditor        John E. Pennington, Jr., Respondent
B. Judgment debtor          Valerie A. Fox, Petitioner
C. Principal judgment amount (back child support/other obligations) $ _____
   from (date) _____ through (date) _____
D. Interest to date of judgment                          $ _____
E. Attorney fees                                         $ 1500.00 *
F. Costs                                                 $ _____
G. Other recovery amount                                 $ _____
H. Principal judgment shall bear interest at _____ % per annum
I. Attorney fees, costs and other recovery amounts shall bear interest at 12% per annum
J. Attorney for judgment creditor: RUTH SPALTER
K. Attorney for judgment debtor: _____
L. Other:

*THESE FEES MUST BE PAID PRIOR TO PETITIONER FILING ANY FURTHER PETITION TO MODIFY PARENTING PLAN.

ORDER RE: PASSPORT RENEWAL FOR
GRACE ANNE PENNINGTON AND PASSPORT          RUTH A. SPALTER
CARD FOR GRACE ANN PENNINGTON - 1 -         ROCKEFELLER LAW OFFICE, LLP
File No. 05-9000                            3116 Rockefeller Avenue
                                            P.O. Box 12057
                                            EVERETT, WA 98206-2057
                                            (425) 258-3511 • FAX (425) 339-2122

ORIGINAL

**THIS MATTER** having come before the court on the motion of respondent and the court being fully advised in the premises, it is hereby

**ORDERED** that:

1. Valerie Fox shall sign and approve the renewal application for Grace Anne Pennington's passport and the application for a passport card for Grace Anne Pennington, within one month of entry of this order, as she told the court that had the application been presented to her, she would have

2. In the alternative, if Ms. Fox fails to sign the above documents when presented to her by respondent or his attorney, respondent shall be permitted to sign for Valerie Fox and unilaterally apply for a passport renewal for Grace Anne Pennington and a passport card for Grace Anne Pennington in 2011 and each and every time that Grace Anne Pennington's passport or passport card comes up for renewal in the future.

3. ~~Attorney fees in the amount of $_____ are awarded to the respondent.~~ signed tb.

DATED: _JUN 2 3 2011_

*Jacalyn D Brudvik*
~~JUDGE~~/COURT COMMISSIONER

Presented by:

By _Ruth Spalter_
Ruth A. Spalter, WSBA #17897
Attorney for Respondent

Copy received, approved for entry and
notice of presentation waived:

By _Petitioner Present_
Valerie A. Fox, Petitioner Pro Se

ORDER RE: PASSPORT RENEWAL FOR
GRACE ANNE PENNINGTON AND PASSPORT
CARD FOR GRACE ANN PENNINGTON - 2 -
File No. 05-9000

**RUTH A. SPALTER**
**ROCKEFELLER LAW OFFICE, LLP**
3116 Rockefeller Avenue
P.O. Box 12057
EVERETT, WA 98206-2057
(425) 258-3511 • FAX (425) 339-2122